[Cite as *State v. Hendricks*, 2014-Ohio-683.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26978 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL W. HENDRICKS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 02 0594(B) |

DECISION AND JOURNAL ENTRY

Dated: February 26, 2014

CARR, Presiding Judge.

{¶1} Appellant, Michael Hendricks, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On March 18, 2009, Michael Hendricks was indicted on numerous criminal offenses. After a jury trial, Hendricks was convicted of one count of illegal possession of chemicals for the manufacture of drugs, one count of possession of criminal tools, one count of aggravated possession of drugs, and three counts of endangering children. The trial court sentenced Hendricks to a nine-year term of incarceration. The trial court also imposed a mandatory three-year term of post-release control.

{¶3} Hendricks filed a timely notice of appeal. On August 3, 2011, this Court affirmed Hendricks' convictions. *State v. Hendricks*, 9th Dist. Summit No. 25133, 2011-Ohio-3796.

{¶4} More than three years after he was convicted, on March 7, 2013, Hendricks filed a "Motion to Vacate and Set Aside Sentence." The State filed a brief in opposition. The trial court issued a journal entry denying Hendricks' motion.

{¶5} On appeal, the Hendricks raises two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDIC[IAL] ERROR WHEN THE COURT CONSIDERED THE DEFENDANT['S] MOTION TO VACATE AND SET ASIDE SENTENCE AS A[N] UNTIMELY PETITION FOR POSTCONVICTION RELIEF R.C. 2953.21(A)(1)/(A)(2).

### ASSIGNMENT OF ERROR II

TRIAL COURT COMMITTED PREJUDIC[IAL] ERROR IN FAILING TO CONDUCT A HEARING TO DETERMINE WHETHER COUNT[S] 5, 6, AND 7 ARE ALLIED OFFENSES OF SIMILAR IMPORT R.C. 2941.25(A) IN VIOLATION OF THE APPELLANT['S] UNITED STATES CONSTITUTIONAL RIGHTS AMENDMENT 5 AND 14 DOUBLE JEOPARDY.

{¶6} In support of his assignments of error, Hendricks contends that the trial court erred in construing his motion as a petition for post-conviction relief because he identified a post-release control error that rendered his sentence void. Hendricks further argues that the trial court failed to recognize that he was convicted of allied offenses of similar import. This Court disagrees with both propositions.

{¶7} Hendricks argues that the trial court erred by failing to impose a post-release control term for each of his felony convictions. The trial court specifically addressed this argument in its May 24, 2013 judgment entry, and rejected it on the basis that R.C. 2967.28 provides for the imposition of only one term of post-release control when a defendant is convicted of multiple felonies. This Court has held that R.C. 2967.28 "does not permit a trial

court to order a term of postrelease control for each separate felony conviction; only '[o]ne term of post-release control for multiple convictions is proper.'" *State v. Deskins*, 9th Dist. Lorain No. 10CA009875, 2011-Ohio-2605, ¶ 22, citing *State v. Maag*, 3d Dist. Hancock No. 5-08-35, 2009-Ohio-90, ¶ 18. Thus, as the trial court was not required to impose multiple terms of post-release control, Hendricks' post-release control argument is without merit.

{¶8} With respect to Hendricks' argument that he was sentenced on allied offenses of similar import, this Court has held that where a defendant "[does] not properly raise issues relating to whether the trial court sentenced him on allied offenses of similar import in his first appeal, his motion must be construed as a petition for post-conviction relief." *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 13. As Hendricks did not raise the allied offenses issue in his direct appeal, the trial court correctly construed his motion as a petition for post-conviction relief.

{¶9} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. A trial court is not permitted to entertain a petition that is filed after the time frame unless the conditions of R.C. 2953.23(A)(1) or (A)(2) are met. *State v. Hoffmeyer*, 9th Dist. Summit No. 25477, 2011-Ohio-1046, ¶ 7; R.C. 2953.23(A). Specifically, R.C. 2953.23(A) states:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶10} Here, the trial court correctly concluded that Hendricks' petition was untimely. Hendricks filed his petition more than three years after the journalization of his convictions, well outside the 180-day window outlined in R.C. 2953.21(A)(2). In support of his petition, Hendricks did not attempt to satisfy the conditions of R.C. 2953.23(A)(1) or (A)(2). Therefore, as Hendricks failed to comply with the statutory requirements for filing a petition for post-conviction relief, the trial court was without authority to entertain the merits his petition.

{¶11} Hendricks' assignments of error are overruled.

III.

{¶12} Hendricks' two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MICHAEL HENDRICKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.