[Cite as *State v. Ali*, 2011-Ohio-6061.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    25750 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUBA ABDULLAH ALI | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 97 08 1663 |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2011

MOORE, Judge.

{¶1}    Appellant, Juba Abdullah Ali, appeals the judgment of the Summit County Court of Common Pleas.  This Court dismisses the appeal as untimely.

I.

{¶2}    Ali was convicted of gross sexual imposition, rape and kidnapping.  The trial court issued sentencing entries on November 6, 1997, pertaining to the gross sexual imposition conviction, and on May 14, 1998, pertaining to the rape and kidnapping convictions.  This Court affirmed his convictions.  *State v. Ali* (Sept. 9, 1998), 9th Dist. No. 18841 (affirming conviction of gross sexual imposition); *State v. Ali* (Apr. 28, 1999), 9th Dist. No. 19119 (affirming convictions for rape and kidnapping).

{¶3}    In 2009, the trial court resentenced Ali because the original sentencing entries of 1997 and 1998 failed to impose mandatory postrelease control.  The trial court issued a resentencing entry on November 25, 2009, which in part imposed postrelease control.  Ali

appealed, and this Court dismissed the appeal because the November 25, 2009 entry failed to contain a guilty plea or a finding of guilt. The trial court issued a nunc pro tunc entry on December 8, 2010, relating back to the November 25, 2009 entry, therein setting forth the findings of guilt.

{¶4}    Ali filed a notice of appeal from the December 8, 2010 nunc pro tunc entry. He raises two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND [ALI] GUILTY OF KIDNAPPING, ON THE GROUNDS THAT THE INDICTMENT WAS FATALLY DEFECTIVE, BECAUSE THE INDICTMENT DID NOT INCLUDE THE MENTAL CULPABILITY ELEMENT FOR THOSE OFFENSES[.]"

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED [ALI]'S RIGHTS TO DUE PROCESS IN FINDING [ALI] GUILTY OF KIDNAPPING UNDER RC §2905.01(A)(4), A FELONY OF THE FIRST DEGREE, BECAUSE THE JURY DID NOT FIND [ALI] GUILTY OF THIS OFFENSE[.]"

{¶5}    Due to developments in Ohio's case law since the dismissal of his 2009 appeal, the assignments of error that Ali presents are not appealable from the 2010 nunc pro tunc entry. Thus, his current appeal is untimely and must be dismissed.

{¶6}    "The general rule is that a nunc pro tunc order does not operate to extend the period within which an appeal may be prosecuted." *State v. Senz*, 9th Dist. No. 02CA0016, 2002-Ohio-6464, at ¶19, citing *Perfection Stove Co. v. Scherer* (1929), 120 Ohio St. 445, 448-49. However, "[e]xceptions [to the general rule] exist in situations where the nunc pro tunc entry creates additional rights, denies [] existing right[s], or the appeal stems from the nunc pro tunc

entry, as distinguished from the original judgment entry." *Senz* at ¶19, citing *Scherer*, 120 Ohio St. at 449.

{¶7}    Here, the 2010 nunc pro tunc entry relates back to the 2009 resentencing entry. The 2009 resentencing entry, in part, imposed postrelease control because the 1997 and 1998 sentencing entries failed to do so. Ali's 2009 resentencing hearing was held de novo pursuant to then applicable case law. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, at syllabus; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, at syllabus.

{¶8}    However, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court determined that, when a judge fails to impose statutorily mandated postrelease control, the defendant is not entitled to a de novo resentencing hearing. Id. at ¶26-29. Instead, the defendant may receive a resentencing hearing limited in scope to the proper imposition of postrelease control, and appellate review is limited to issues arising at the hearing. Id. The Court further clarified that the omission of postrelease control notice in the original sentencing entry does not affect its finality. See id. at ¶39.

{¶9}    Therefore, here the 1997 and 1998 entries, despite their failure to properly impose postrelease control, were final appealable orders. Moreover, the 2009 resentencing hearing was limited in scope to the imposition of postrelease control. Thus, the 2009 resentencing entry, insofar as it imposed postrelease control, was a final appealable order as to that issue.

{¶10} Because of the effect of *Fischer* on the finality of the 1997, 1998 and 2009 entries, the 2010 nunc pro tunc entry did not "create[ an] additional right[ or] den[y] an existing right[.]" See *Senz* at ¶19. Further, Ali's appeal does not "stem[] from the nunc pro tunc entry[.]" See id. Thus, Ali's appeal is untimely.

{¶11} We note an additional, independent basis requiring dismissal of the instant appeal. Recently, the Ohio Supreme Court decided *State v. Lester*, --- Ohio St.3d ----, 2011-Ohio-5204. In *Lester*, the defendant's resentencing entry set forth that he had "been convicted" of various offenses. Id. at ¶3. A few years later, the trial court sua sponte issued a nunc pro tunc entry relating back to the defendant's resentencing entry, wherein it inserted language setting forth that the defendant was convicted pursuant to a jury verdict. Id. at ¶5. The defendant filed a notice of appeal from the nunc pro tunc entry, and the Third District held that the nunc pro tunc judgment entry was not a final order subject to appeal. Id. On appeal from the Third District's holding, the Supreme Court agreed, and held that a judgment of conviction must set forth "the fact of conviction" to be final, but the absence of "the manner of conviction" is merely a clerical error which does not affect the finality of the sentencing entry. Id. at ¶12, 14. Therefore, "a nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final entry is not a new final order from which a new appeal may be taken." Id. at ¶20.

{¶12} Here, the 2009 entry set forth that the sentence was imposed "[p]ursuant to [Ali's] conviction," and, in doing so, set forth the fact of conviction. Thus, the 2010 nunc pro tunc order, which merely corrected the 2009 order to set forth the findings of guilt by a jury, does not constitute a nunc pro tunc entry from which an appeal may be taken under *Lester*.

{¶13} Accordingly, the attempted appeal is dismissed as untimely.

Appeal dismissed.

––––––

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time

the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶14} I concur in the majority's judgment. Unfortunately, recent changes in both the law concerning post-release control and the law concerning final, appealable orders have made decisions that were correct under prior law, incorrect under current law. Mr. Ali's case is a prime example of such a situation. Nonetheless, while I would analyze the legal aspects of the instant matter slightly differently, I agree that it is appropriate to dismiss Mr. Ali's appeal from the December 8, 2010 entry. In addition, I write separately to note that I do not read the majority's opinion to imply that Mr. Ali is foreclosed from filing a motion for a delayed appeal with respect to the November 25, 2009 entry.

APPEARANCES:

RHONDA KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.