[Cite as *State v. Ali*, 2012-Ohio-4025.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JUBA ABDULLAH ALI

    Appellant

C.A. No.      26223

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 97 08 1663

DECISION AND JOURNAL ENTRY

Dated: September 5, 2012

CARR, Presiding Judge.

{¶1} Appellant, Juba Ali, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This appeal stems from Ali's convictions for gross sexual imposition, rape and kidnapping. After Ali was indicted on numerous charges on August 12, 1997, this matter proceeded to trial and Ali was convicted by a jury of gross sexual imposition and acquitted of carrying a concealed weapon. The jury was unable to reach a verdict on the remaining counts. The matter was subsequently retried and Ali was convicted of one count of rape and one count of kidnapping, but acquitted of a second count of rape. The trial court issued separate sentencing entries on November 6, 1997, pertaining to the gross sexual imposition conviction, and on May 14, 1998, pertaining to the rape and kidnapping convictions. Ali appealed from each final order and this Court affirmed his convictions. *State v. Ali*, 9th Dist. No. 18841, 1998 WL 597654

(Sept. 9, 1998) ("*Ali I*") and *State v. Ali*, 9th Dist. No. 19119, 1999 WL 270420 (Apr. 28, 1999) ("*Ali II*").

{¶3} More than ten years later, on August 6, 2009, Ali filed a motion for resentencing in the trial court. The trial court subsequently resentenced Ali because the original sentencing entries failed to impose mandatory post-release control. The trial court issued a resentencing entry on November 25, 2009, which imposed post-release control. When Ali appealed, this Court dismissed the appeal by journal entry on the basis that the resentencing entry, unlike the initial entries, failed to contain a guilty plea or a finding of guilt.

{¶4} The trial court subsequently issued a nunc pro tunc resentencing entry on December 8, 2010, therein setting forth findings of guilt. Ali then appealed from the December 8, 2010 entry. This Court dismissed his appeal as untimely on the authority of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238 and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204. *See State v. Ali*, 9th Dist. No. 25750, 2011-Ohio-6061 ("*Ali III*").

{¶5} On December 12, 2011, Ali filed a motion for leave to file a delayed appeal from the trial court's November 25, 2009, and December 8, 2010 sentencing entries. On December 16, 2011, this Court granted the motion. In his current appeal, Ali raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FOUND DEFENDANT GUILTY OF KIDNAPPING, ON THE GROUNDS THAT THE INDICTMENT WAS FATALLY DEFECTIVE, BECAUSE THE INDICTMENT DID NOT INCLUDE THE MENTAL CULPABILITY ELEMENT FOR THOSE OFFENSES[.]

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND VIOLATED DEFENDANT'S RIGHTS TO DUE PROCESS IN FINDING DEFENDANT GUILTY OF KIDNAPPING UNDER R.C. 2905.01(A)(4), A FELONY OF THE FIRST DEGREE, BECAUSE THE JURY DID NOT FIND DEFENDANT GUILTY OF THIS OFFENSE[.]

{¶6} In his first and second assignments of error, Ali raises challenges to his underlying kidnapping conviction.

{¶7} In Ali's prior attempt to appeal, this Court briefly discussed the precedent established by the Supreme Court of Ohio in *Fischer*. *Ali III*, 2011-Ohio-6061, at ¶ 8. The Supreme Court had previously held that "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus. In *Fischer*, the Supreme Court noted that its decision in *Bezak* left certain questions unanswered. *Fischer* at ¶ 18, 27. The Supreme Court in *Fischer* reaffirmed its position that "[a] sentence that does not include the statutorily mandated term of post[-]release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id*. at paragraph one of the syllabus. The Supreme Court also modified a portion of the precedent established in *Bezak* by holding that "[t]he new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of post[-]release control." *Id*. at paragraph two of the syllabus. The Supreme Court also concluded that while "the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at

paragraph three of the syllabus. The Supreme Court further held that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of post[-]release control is imposed is limited to issues arising at the resentencing hearing." *Id.* at paragraph four of the syllabus.

{¶8} In this case, the trial court's original sentencing entries were issued on November 6, 1997, and May 14, 1998. R.C. 2967.28(B) mandates that an offender convicted of a felony of the first degree is subject to a mandatory five-year term of post-release control. The original sentencing entries failed to impose a term of post-release control upon Ali. Ali appealed from each of those sentencing entries and his convictions were affirmed by this Court. *See Ali I & Ali II*. More than ten years later, Ali filed a motion for resentencing on the basis that the trial court had failed to properly impose post-release control. The trial court held a resentencing hearing on November 24, 2009. In accordance with *Fischer*, the scope of the new sentencing hearing to which Ali was entitled was limited to the proper imposition of post-release control. *Fischer*, at paragraph two of the syllabus. It follows that the trial court had authority to impose the proper term of post-release control on Ali at the November 24, 2009 hearing. As the lawful portion of Ali's original sentence remained in place pursuant to *Fischer*, the trial court did not have authority to conduct a de novo sentencing hearing and reissue a sentence. Thus, to the extent the trial court properly imposed a mandatory five-year term of post-release control upon Ali at the resentencing hearing, its judgment is affirmed. To the extent the trial court conducted a de novo sentencing hearing and reissued a sentence to Ali, its judgment in that respect is vacated and Ali's original sentence remains in place.

III.

{¶9}   The judgment of the Summit County Court of Common Pleas is vacated to the extent that the court exceeded its authority and resentenced Ali.  The trial court's decision to properly impose a mandatory five-year period of post-release control is affirmed.

Judgment affirmed, in part,
and vacated, in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

RHONDA KOTNIK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.