[Cite as *State v. Ali*, 2016-Ohio-1348.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JUBA ABDULLAH ALI

    Appellant

C.A. No.      28000

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 97 08 1663

DECISION AND JOURNAL ENTRY

Dated: March 31, 2016

CARR, Presiding Judge.

{¶1} Appellant, Juba Ali, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Almost 20 years ago, Ali was convicted of rape, kidnapping, and gross sexual imposition. His convictions were affirmed on direct appeal. *State v. Ali*, 9th Dist. Summit No. 18841, 1998 WL 597654 (Sept. 9, 1998) and *State v. Ali*, 9th Dist. Summit No. 19119, 1999 WL 270420 (Apr. 28, 1999).

{¶3} Upon the motion of Ali, the trial court corrected an error in the imposition of post-release control in 2009. Though his initial attempts to appeal were dismissed, Ali eventually appealed to this Court and the imposition of post-release control was affirmed. *State v. Ali*, 9th Dist. Summit No. 26223, 2012-Ohio-4025. Ali subsequently filed multiple petitions for post-conviction relief that were denied by the trial court.

**{¶4}** On September 29, 2015, Ali filed a motion for resentencing. The State filed a memorandum in opposition, and Ali filed a supplemental memorandum in support. On October 19, 2015, the trial court issued an order concluding that it could not reach the merits of Ali's motion as it constituted a successive petition for post-conviction relief.

**{¶5}** On appeal, Ali raises one assignment of error.

II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT'S IMPOSITION OF TWO SENTENCES FOR TWO OFFENSES ARISING OUT OF THE SAME INCIDENT WAS CONTRARY TO LAW IN VIOLATION OF [R.C.] 2941.25 RESULTING IN PLAIN ERROR[.]

**{¶6}** In his sole assignment of error, Ali contends that the trial court erred in denying his post-conviction motion in which he argued that he was improperly sentence on allied offenses of similar import. This Court disagrees.

**{¶7}** It is well settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), at syllabus. Moreover, this Court has consistently held that where a defendant does not properly raise issues relating to whether the trial court sentenced him on allied offenses of similar import on direct appeal, his motion must be construed as a petition for post-conviction relief. *State v. Hendricks*, 9th Dist. Summit No. 26978, 2014-Ohio-683, ¶ 8, citing *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 13. R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or

the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Ali failed to raise the allied offenses issue on direct appeal. Accordingly, we must construe his motion as a petition for post-conviction relief. Furthermore, because Ali filed an earlier petition for post-conviction relief, we must construe the instant petition as a successive petition.

{¶8} This Court has recognized that "[s]uccessive petitions for post-conviction relief are governed by R.C. 2953.23. Under R.C. 2953.23(A) a trial court is forbidden from entertaining a second or successive petition for post-conviction relief unless it meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1)." *State v. Kyle*, 9th Dist. Summit No. 25974, 2012-Ohio-456, ¶ 7, quoting *Williams* at ¶ 15.

{¶9} Here, Ali's successive petition did not offer a cogent explanation regarding why he was unavoidably prevented from discovering the facts upon which his petition was based, nor did it identify a retroactive right that has been recognized by the United States Supreme Court. Though Ali offered an argument pertaining to the underlying sentencing issue in his successive petition, he did not satisfy the requirements of R.C. 2953.23(A)(1). It follows that the trial court lacked authority to consider the merits of Ali's petition and correctly denied him the requested relief.

**{¶10}** Ali's sole assignment of error is overruled.

III.

**{¶11}** Ali's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JUBA ABDULLAH ALI, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.