[Cite as *State v. Williams*, 2011-Ohio-6141.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

CAMERON WILLIAMS

    Appellant

C.A. No.      25879

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 07 08 2540

DECISION AND JOURNAL ENTRY

Dated: November 30, 3011

CARR, Judge.

{¶1}　Appellant, Cameron Williams, appeals the judgment of the Summit County Court of Common Pleas denying his motion for resentencing. This Court affirms.

I.

{¶2}　This case arises out of the murder of Darian Polk on July 28, 2007. The substantive facts of the incident are set forth in this Court's prior decision. *State v. Williams*, 9th Dist. No. 24169, 2009-Ohio-3162.

{¶3}　On August 7, 2007, the Summit County Grand Jury indicted Williams on a myriad of charges. A jury subsequently found Williams guilty of murder; two counts of aggravated murder, with capital offense and firearm specifications on each count; kidnapping, with a firearm specification; aggravated burglary, with a firearm specification; violating a protection order while committing a felony, with a firearm specification; intimidation of a crime victim while using force or unlawful threat of harm, with a firearm specification; escape while

under detention for felony of the third, fourth or fifth degree; having weapons while under disability; and carrying a concealed weapon.

{¶4} During the mitigation phase, the jury found in regard to both counts of aggravated murder that the aggravating circumstances did not outweigh the mitigating factors presented in the case by proof beyond a reason doubt. The jury found that a sentence of life imprisonment without parole eligibility for thirty years should be imposed. Williams was sentenced to life imprisonment with parole eligibility after 69 years.

{¶5} On August 15, 2008, Williams filed a petition for post-conviction relief in the trial court. The petition was denied on October 30, 2008. Williams also filed a direct appeal to this Court. On June 30, 2009, this Court affirmed the judgment in part, but reversed in part on the basis that Williams' conviction for violating a protection order was not supported by sufficient evidence. See *Williams*, supra. On September 24, 2009, the trial court issued a journal entry vacating Williams' conviction for violating a protection order.

{¶6} On February 1, 2010, Williams filed a pro se motion for a new trial on the basis of juror misconduct. The State filed a memorandum in opposition to the motion on February 3, 2010. The trial court issued a journal entry denying the motion for new trial on February 8, 2010.

{¶7} On March 19, 2010, Williams filed a pro se motion to dismiss the indictment on the basis that the charge of aggravated burglary in the indictment failed to contain the requisite mens rea. The State responded in opposition on March 29, 2010. The trial court subsequently denied the motion to dismiss on April 6, 2010. Williams attempted to appeal to this Court but the appeal was dismissed by journal entry on June 29, 2010, for failure to timely file a brief.

**{¶8}** On January 27, 2011, Williams filed a motion for resentencing in the trial court. The State responded on February 3, 2011. The trial court denied the motion by entry journalized on March 10, 2011. Williams filed a timely appeal and raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

"TRIAL COURT ABUSED IT'S [sic] DISCRETION BY RULING THAT DEFENDANT'S MOTION FOR RE-SENTENCING FOR ALLIED OFFENSES WERE [sic] BARRED BY RES JUDICATA."

**{¶9}** In support of his sole assignment of error, Williams argues that the trial court abused its discretion in denying his motion for resentencing. This Court disagrees.

**{¶10}** In support of his assignment of error, Williams argues that the trial court committed plain error in sentencing him on allied offenses in March 2008. Williams contends that because he was sentenced on allied offenses, the trial court abused its discretion in denying his motion for resentencing on the basis of res judicata. The State responds that the motion for resentencing was an untimely and successive petition for post-conviction relief and the trial court did not have jurisdiction to consider the petition.

**{¶11}** As noted above, Williams has challenged his convictions in a variety of ways since he was sentenced in March 2008. Williams filed a petition for post-conviction relief on August 15, 2008. In his petition, Williams alleged that trial counsel rendered ineffective assistance and that he was illegally convicted of escape because he had been improperly monitored with a GPS device. The trial court denied the petition on October 30, 2008. In his direct appeal to this Court, Williams successfully argued that his conviction for violating a protection order was not supported by sufficient evidence. Williams raised four additional assignments of error that were overruled. None of the assignments of error Williams raised in

his initial appeal dealt with the issue of allied offenses. See *Williams*, 2009-Ohio-3162. In 2010, Williams filed both a motion for a new trial and a motion to dismiss the indictment. Both motions were denied by the trial court.

{¶12} Williams' current appeal stems from the trial court's denial of the motion for resentencing that he filed on January 27, 2011. In his motion, Williams argued that the trial court committed plain error in sentencing him on his convictions for murder and two counts of aggravated murder, as the crimes were allied offenses of similar import. Williams argued that the sentences he received violated R.C. 2941.25, as well as the double jeopardy clause. In responding to the motion, the State argued that Williams was barred from raising the issue under the doctrine of res judicata because he had not raised the issue in his previous appeal to this Court. The State further argued that Williams' claim was an untimely petition for post-conviction relief and barred by R.C. 2953.23 because he was not unavoidably prevented from discovering the facts underlying the claim.

{¶13} Because Williams did not properly raise issues relating to whether the trial court sentenced him on allied offenses of similar import in his first appeal, his motion must be construed as a petition for post-conviction relief. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds* (1997), 79 Ohio St.3d 158, at syllabus.

{¶14} R.C. 2953.21 establishes procedures for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides, in part, that:

> "[A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court

of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶15} As noted above, Williams has previously filed a petition for post-conviction relief in this case. Successive petitions for post-conviction relief are governed by R.C. 2953.23. Under R.C. 2953.23(A), a trial court is forbidden from entertaining a second or successive petition for post-conviction relief unless it meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. See R.C. 2953.23(A)(1).

{¶16} Here, Williams' petition for post-conviction relief is untimely and successive. In his petition, Williams did not advise the trial court how he was unavoidably prevented from discovering the facts upon which his petition was based; nor did he claim a new retroactive right that has been recognized by the United States Supreme Court. See R.C. 2953.23(A). Thus, the trial court did not have statutory authority to consider the petition.

{¶17} It follows that Williams' assignment of error is overruled.

III.

{¶18} Williams' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

CAMERON WILLIAMS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.