[Cite as *State v. Kyle*, 2012-Ohio-456.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

SHERMAN KYLE, III

    Appellant

C.A. No.    25974

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 08 10 3401

DECISION AND JOURNAL ENTRY

Dated: February 8, 2012

---

CARR, Judge.

{¶1}    Appellant, Sherman Kyle III, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    Kyle was convicted of numerous offenses and sentenced accordingly. He appealed his conviction and sentence, and this Court affirmed. *State v. Kyle*, 9th Dist. No. 24655, 2010-Ohio-4456.

{¶3}    On February 2, 2011, Kyle filed a petition for post-conviction relief which he captioned as a "petition to vacate or set aside judgment of conviction or sentence." The State moved to dismiss the petition as untimely. On February 28, 2011, the trial court dismissed the petition. Kyle did not appeal that order.

{¶4}    On April 28, 2011, Kyle filed a "motion to set aside judgment and sentence" in which he argued that trial court error resulted in a violation of his constitutional rights. The State

opposed the motion, and Kyle replied. On May 13, 2011, the trial court denied the motion. Kyle appealed, raising two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR PURSUANT TO R.C. 2945.75(A)(2) AND STATE VS. PELFREY BECAUSE THE JURY VERDICT FORMS DID NOT INCLUDE THE OFFENSE NOR ANY AGGRAVATING ELEMENTS[,] WHICH IS A DIRECT VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR PURSUANT TO CRIM.R. 52(B) AND STATE VS. GRIGG BY WAY OF DEFECTIVE REASONABLE DOUBT INSTRUCTIONS BEING GIVEN TO THE JURY, WHICH IS IN DIRECT VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS.

{¶5} Kyle argues that the trial court erred by denying his motion to set aside his judgment of conviction and sentence. This Court disagrees.

{¶6} It is well settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, at syllabus (1997). R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Kyle failed to raise the instant issues in his direct appeal and he alleged a

violation of his constitutional rights in his most recent motion. Accordingly, we must construe his motion as a petition for post-conviction relief. Moreover, because he filed an earlier petition for post-conviction relief, we must construe the instant petition as a successive one.

{¶7} This Court recently wrote: "Successive petitions for post-conviction relief are governed by R.C. 2953.23. Under R.C. 2953.23(A) a trial court is forbidden from entertaining a second or successive petition for post-conviction relief unless it meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner. Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. *See* R.C. 2953.23(A)(1)." *State v. Williams*, 9th Dist. No. 25879, 2011-Ohio-6141, at ¶ 15.

{¶8} In this case, Kyle's successive petition did not explain how he was unavoidably prevented from discovering the facts upon which his petition was based. The verdict forms and jury instructions were apparent on the face of the record since before he filed his direct appeal. Neither did he claim or identify a new retroactive right that has been recognized by the United States Supreme Court since he filed his first petition. Accordingly, the trial court lacked the statutory authority to consider the merits of his successive petition and properly denied him the relief requested. Kyle's assignments of error are overruled.

III.

{¶9} Kyle's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

4

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR

APPEARANCES:

SHERMAN KYLE III, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.