[Cite as *State v. Jones*, 2012-Ohio-5672.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| ROBERT E. JONES | : | Case No. 12CA0061 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 87CR16767

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      December 3, 2012

APPEARANCES:

For Plaintiff-Appellee

EARL L. FROST
20 South second Street
4th Floor
Newark, OH 43055

For Defendant-Appellant

ROBERT E. JONES, PRO SE
P.O. Box 5500
Chillicothe, OH 45601

*Farmer, J.*

{¶1}   On March 17, 1988, appellant, Robert Jones, pled guilty to three counts of rape with specifications in violation of R.C. 2907.02 and 2941.14.2.  By judgment entry filed same date, the trial court sentenced appellant to an indeterminate term of ten to twenty-five years on each count, to be served consecutively.

{¶2}   On March 13, 2012, appellant filed a motion for resentencing, claiming his three rape convictions should have been merged for sentencing.  By judgment entry filed June 20, 2012, the trial court treated the motion as a motion for postconviction relief, and denied the motion as untimely and barred by the doctrine of res judicata.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN APPLYING THE DOCTRINE OF RES JUDICATA."

II

{¶5}   "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO CONTRARIAN LAW."

III

{¶6}   "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO MERGE SENTENCES."

I, II, III

{¶7}   Appellant claims the trial court erred in denying his motion for resentencing.  We disagree.

{¶8}   On March 17, 1988, appellant pled guilty to three counts of rape and was sentenced to an indeterminate term of ten to twenty-five years on each count, to be served consecutively.  Appellant did not appeal his sentence.

{¶9}   On March 13, 2012, appellant filed a motion for resentencing, claiming his three rape convictions should have been merged for sentencing.  By judgment entry filed June 20, 2012, the trial court treated the motion as a motion for postconviction relief pursuant to *State v. Schlee,* 117 Ohio St.3d 153 (2008), and *State v. Williams,* 9th Dist. No. 25879, 2011-Ohio-6141.  The trial court denied the motion as untimely and barred by the doctrine of res judicata.

{¶10}  R.C. 2953.21 governs petition for postconviction relief.  Subsection (A)(2) states the following:

{¶11}  Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court.  If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

{¶12}  Appellant filed his motion almost twenty-four years after the expiration of the time for filing an appeal, and has not met any of the requirements for untimely filing under R.C. 2953.23(A).  Therefore, the trial court was correct in determining appellant's motion was untimely.

{¶13}  In addition, appellant's arguments are barred by the doctrine of res judicata.  As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is applicable to petitions for postconviction relief.  The *Perry* court explained the doctrine at 180-181 as follows:

{¶14}  Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶15}  In reviewing appellant's motion for resentencing, we find the arguments therein could have been raised on direct appeal.

{¶16}  Upon review, we find the trial court did not err in denying appellant's motion for resentencing.

{¶17}  Assignments of Error I, II, and III are denied.

{¶18}   The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____

_s/ Patricia A. Delaney_____

_s/ John W. Wise_____

                JUDGES


SGF/db 1120

[Cite as *State v. Jones*, 2012-Ohio-5672.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROBERT E. JONES | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12CA0061 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.


_s/ Sheila G. Farmer_____


_s/ Patricia A. Delaney_____


_s/ John W. Wise_____

JUDGES