[Cite as *State v. Wright*, 2016-Ohio-3542.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27880 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAMON JAMAL WRIGHT | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 95 10 2828A |

DECISION AND JOURNAL ENTRY

Dated: June 22, 2016

CARR, Presiding Judge.

{¶1}   Appellant, Ramon Wright, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 1996, Wright was convicted of two counts of aggravated murder with death specifications, as well as several other criminal offenses.  Wright's convictions stemmed from an event that occurred on September 25, 1995.  A death sentence was not imposed.  The trial court sentenced Wright to a term of life imprisonment with parole eligibility after 30 years.  His convictions were affirmed by this Court on direct appeal.  *State v. Wright*, 9th Dist. Summit No. 18261, 1998 WL 65481 (Feb. 4, 1998).

{¶3}   In the years since his sentencing, Wright has repeatedly attempted to attack his convictions through a variety of avenues, including petitions for post-conviction relief, motions for new trial, and motions for resentencing.

{¶4} On June 8, 2015, Wright filed a pro se "motion for resentencing based on void judgment." The State responded with a memorandum in opposition to the motion. The trial court subsequently issued a journal entry denying Wright's motion.

{¶5} On appeal, Wright raises three assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS [sic] DISCRETION WHEN IT REFUSED TO RE-SENTENCE APPELLANT WRIGHT WHEN THE TRIAL COURT FAILED TO NOTIFY THE APPELLANT AT "SENTENCING" ON OCTOBER 1ST[,] 1996[,] OF THE STATUTORY REQUIREMENTS OF R.C. 2947.23(A)(1)(a), OF THE FACT OF HIS FAILURE TO PAY COURT COSTS, AND THE COSTS [OF] THE PROSECUTION, COULD RESULT IN THE TRIAL COURT "ORDERING" APPELLANT TO PERFORM COMMUNITY SERVICE "UNTIL THE JUDGMENT IS PAID OR UNTIL THE COURT IS SATISFIED THAT THE APPELLANT IS IN COMPLIANCE WITH THE APPROVED SCHEDULE[.]"

## ASSIGNMENT OF ERROR II

TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH, AND FOURTEENTH AMENDMENT[S] TO THE UNITED STATES CONSTITUTIONS AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO "OBJECT" TO THE TRIAL COURT'S IMPOSITION OF COURT COSTS, AND THE COSTS OF THE PROSECUTION, AS THE TRIAL COURT "DID NOT NOTIFY APPELLANT WRIGHT, THAT HIS FAILURE TO PAY COURT COSTS, AND THE COSTS OF THE PROSECUTION COULD RESULT IN THE TRIAL COURT ORDERING THE APPELLANT TO PERFORM COMMUNITY SERVICE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR[.] WRIGHT DUE PROCESS OF LAW, WHEN IT IMPOSED COURT COST[S] AND THE COST FOR PROSECUTION WITHOUT THE PROPER NOTIFICATION THAT HIS FAILURE TO PAY COSTS, OR THE PROSECUTION COSTS COULD RESULT IN THE TRIAL COURT "ORDERING" THE APPELLANT TO PERFORM COMMUNITY SERVICE.

{¶6} In his three assignments of error, Wright contends the trial court erred in denying his 2015 motion for resentencing. This Court disagrees.

{¶7}     Nearly twenty years after being convicted of two counts of aggravated murder and receiving a life sentence, Wright argues that his sentence is void because the trial court failed comply with R.C. 2947.23(A)(1)(a), which requires a sentencing court to notify a defendant that failure to pay costs may result in court-ordered community service.  At the outset, we note that the community service notification provision contained R.C. 2947.23(A)(1)(a) is inapplicable to this case as it did not go into effect until March 24, 2003, almost seven years after Wright was sentenced in 1996.  More significantly, this Court has previously recognized that "the Ohio Supreme Court has applied its void-sentence analysis in limited circumstances[,] [and we] will not extend its reach without clear direction from the Supreme Court."  *State v. Jones*, 9th Dist. Wayne No. 10CA0022, 2011-Ohio-1450, ¶ 10, quoting *State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 20; *see also State v. Berrien*, 12th Dist. Clinton No. CA2015-02-004, 2015-Ohio-4450, ¶ 8-11 (holding that "failure to advise [a defendant] of court costs does not render the sentence void but is instead only reversible error"); *State v. Isa*, 2d Dist. Champaign No. 2014-CA-31, 2015-Ohio-2876, ¶ 14; *State v. Massey*, 5th Dist. Delaware No. 15 CAA 05 0043, 2015-Ohio-5193, ¶ 24.  It follows that while Wright styled his motion as a "motion for resentencing based on void judgment," his motion was, in actuality, an untimely and successive petition for post-conviction relief.

{¶8}     This Court has recognized that "[s]uccessive petitions for post-conviction relief are governed by R.C. 2953.23.  Under R.C. 2953.23(A) a trial court is forbidden from entertaining a second or successive petition for post-conviction relief unless it meets two conditions.  First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively

to the petitioner.  Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.  *See* R.C. 2953.23(A)(1)." *State v. Kyle*, 9th Dist. Summit No. 25974, 2012-Ohio-456, ¶ 7, quoting *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 15.

{¶9}     In this case, Wright's untimely and successive petition did not offer an explanation regarding why he was unavoidably prevented from discovering the facts upon which his petition was based, nor did it identify a retroactive right that has been recognized by the United States Supreme Court.  It follows that the trial court lacked authority to consider the merits of Wright's petition and correctly denied him the requested relief.

{¶10}  Wright's three assignments of error are overruled.

III.

{¶11}  Wright's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the

mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

RAMON JAMAL WRIGHT, pro so, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant
Prosecuting Attorney, for Appellee.