[Cite as *State v. Williams*, 2016-Ohio-4943.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.     27963 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CAMERON D. WILLIAMS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 07 08 2540 |

DECISION AND JOURNAL ENTRY

Dated: July 13, 2016

CARR, Presiding Judge.

{¶1}   Appellant, Cameron D. Williams, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}   In 2008, Williams was convicted of numerous offenses, including aggravated murder.  The substantive facts of the incident which gave rise to Williams' incarceration are set forth in our decision resolving his direct appeal.  *See State v. Williams*, 9th Dist. Summit No. 24169, 2009-Ohio-3162.  As chronicled in our most recent decision in this matter, Williams has filed a multitude of post-judgment motions in the trial court.  *State v. Williams*, 9th Dist. Summit No. 27482, 2015-Ohio-2632, ¶ 2-3.  One of those filings was a petition for post-conviction relief.  The trial court's denial of that petition was affirmed by this Court on appeal.  *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141.

{¶3}    On August 12, 2015, Williams filed a motion to correct illegal sentence as well as a motion to correct a clerical mistake in his sentencing entry.  The State responded with a brief in opposition to the motions.  On September 2, 2015, the trial court issued a journal entry denying the motions on the basis that they constituted untimely and successive petitions for post-conviction relief.

{¶4}    On appeal, Williams raises three assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY APPLYING RES JUDICATA TO PERMIT A VOID SENTENCE TO STAND AND WHEN A CLERICAL MISTAKE EXISTS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPOSING A COMBINED, MANDATORY SENTENCE OF NINE (9) YEARS, ON SIX FIREARM SPECIFICATIONS PURSUANT TO R.C. 2941.25(A) WHICH RENDERS THE SENTENCE VOID.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY IMPOSING AN ACTUAL THREE (3) YEAR MANDATORY SENTENCE FOR THE FIREARM SPECIFICATION, ON COUNT 2 IN ITS JOURNAL ENTRY WHEN IT DID NOT IMPOSE THE SENTENCE DURING THE ACTUAL SENTENCING HEARING.

{¶5}    In his three assignments of error, Williams contends that the trial court erred by denying his petitions for post-conviction relief.  This Court disagrees.

{¶6}    It is well settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."  *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus.  R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * *

and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶7} In his motions filed on August 12, 2015, Williams argued that the trial court improperly relied on the allied offenses statute in merging certain firearm specifications at sentencing. As with the merger of allied offenses, where a defendant does not raise the issue of whether the trial court erred in merging the attendant firearm specifications on direct appeal, a post-judgment motion raising that issue must be construed as a petition for post-conviction relief. *See State v. Hendricks*, 9th Dist. Summit No. 26978, 2014-Ohio-683, ¶ 8. Accordingly, we must construe the motions filed by Williams in this case as successive petitions for post-conviction relief. Williams acknowledged in his "motion to correct illegal sentences" that his filings constituted untimely and successive petitions, but he argued that he was not required to satisfy the requirements of R.C. 2953.23(A)(1) because his sentence was void. However, this Court has held that a trial court's failure to merge firearm specifications does not render the sentence void. *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8.

{¶8} This Court has recognized that "[s]uccessive petitions for post-conviction relief are governed by R.C. 2953.23. Under R.C. 2953.23(A) a trial court is forbidden from entertaining a second or successive petition for post-conviction relief unless it meets two conditions. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively

to the petitioner.  Second, the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.  *See* R.C. 2953.23(A)(1)." *State v. Kyle*, 9th Dist. Summit No. 25974, 2012-Ohio-456, ¶ 7, quoting *Williams* at ¶ 15.

{¶9}    In this case, Williams has not explained why he was unavoidably prevented from discovering the facts upon which his petitions were based, nor has he identified a retroactive right that has been recognized by the United States Supreme Court.  Under these circumstances, the trial court lacked authority to consider the merits of Williams' petitions and correctly denied him the requested relief.

{¶10}  Williams' assignments of error are overruled.

### III.

{¶11}  Williams' first, second, and third assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

CAMERON D. WILLIAMS, pro so, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.