[Cite as *State v. Alston*, 2016-Ohio-5086.]

STATE OF OHIO  )  IN THE COURT OF APPEALS
                               )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN  )

STATE OF OHIO  C.A. No.      15CA010808

    Appellee

    v.  APPEAL FROM JUDGMENT
                                    ENTERED IN THE
FREDRICK ALSTON  COURT OF COMMON PLEAS
                                    COUNTY OF LORAIN, OHIO
    Appellant  CASE No.    10CR081495

DECISION AND JOURNAL ENTRY

Dated: July 25, 2016

HENSAL, Judge.

{¶1} Frederick Alston appeals the judgment of the Lorain County Court of Common Pleas, denying his pro se motion to find the judgment entry of conviction and sentence void in part. This Court affirms.

I.

{¶2} After initially entering a plea of not guilty, Frederick Alston pleaded guilty to having weapons while under disability in violation of Revised Code Section 2923.13(A)(3) and violating a protection order in violation of Section 2919.27(A)(1). On June 29, 2011, the trial court sentenced Mr. Alston to two years of community control and imposed court costs. Mr. Alston did not file a direct appeal. The trial court terminated his community control in 2012.

{¶3} In 2015, Mr. Alston moved the trial court to find its judgment entry of conviction and sentence void in part on the basis that it failed to comply with Section 2947.23(A)(1)(a). Specifically, he argued that the trial court failed to impose court costs in its judgment entry and

that it failed to notify him that it could impose community service if he failed to pay court costs. Mr. Alston acknowledged that his petition for post-conviction relief was untimely, but argued that a court may review a void sentence at any time and that res judicata does not apply to void sentences. The trial court denied his motion, holding that the judgment entry and sentencing transcript indicated that all statutory requirements had been met. Mr. Alston now appeals, raising one assignment of error for our review.

## II.

## ASSIGNMENT OF ERROR

THE JUDGMENT ENTRY IS VOID AND A NON-FINAL APPEALABLE ORDER, WHERE THE TRIAL COURT FAILED TO INCLUDE COURT COST[S] IN THE [JUDGMENT] ENTRY AS * * * REQUIRED IN VIOLATION OF R.C. 2947.23(A)(1) AND R.C. 2505.02.

{¶4} In his sole assignment of error, Mr. Alston argues that the judgment entry of conviction is void and a non-final appealable order because the trial court failed to include court costs. Our review of the record, however, indicates that the judgment entry does reflect that the trial court imposed court costs. His argument, therefore, lacks merit.

{¶5} To the extent that Mr. Alston's argument can be construed to challenge the judgment entry on the basis that it does not specify the amount of court costs owed, his argument is barred by res judicata. As the Ohio Supreme Court has stated, "failing to specify the amount of costs assessed in a sentencing entry does not defeat the finality of the sentencing entry as to costs." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 21. Thus, because Mr. Alston did not raise this issue on direct appeal, he is barred from doing so now. *State v. Jones*, 9th Dist. Summit No. 26854, 2013-Ohio-3710, ¶ 7, quoting *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 59 ("The doctrine of res judicata 'bars the assertion of claims against a valid, final judgment of conviction that * * * could have been raised on [direct] appeal.'").

**{¶6}** Furthermore, when a defendant does not file a direct appeal, a petition for post-conviction relief must be filed "no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). Under Section 2953.23(A)(1), a court has no jurisdiction to hear an untimely petition for post-conviction relief unless the petitioner shows "either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner." *State v. Williams*, 9th Dist. Summit No. 25879, 2011-Ohio-6141, ¶ 15, citing R.C. 2953.23(A)(1). Additionally, the petitioner must show "by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial." *Id.*, citing R.C. 2953.23(A)(1).

**{¶7}** Here, although Mr. Alston acknowledged below that his petition for post-conviction relief was untimely, his petition "did not offer an explanation regarding why he was unavoidably prevented from discovering the facts upon which his petition was based, nor did it identify a retroactive right that has been recognized by the United States Supreme Court." *State v. Wright*, 9th Dist. Summit No. 27880, 2016-Ohio-3542, ¶ 9. The trial court, therefore, lacked jurisdiction to consider the merits of Mr. Alston's petition and correctly denied him the requested relief. *Id.*

**{¶8}** Mr. Alston's assignment of error is overruled.

III.

**{¶9}** Mr. Alston's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

4

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
CANNON, J.
CONCUR.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

FREDRICK M. ALSTON, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.