*421 Kennedy, J.,
dissenting.
{¶ 69} Because the majority’s decision expands the void-sentence doctrine and is incongruent with our precedent, I respectfully dissent. When a trial court states the mandatory terms of incarceration in a sentencing entry and then mistakenly uses the term “concurrently” to describe how the sentences will run for the offenses that the trial court merged for purposes of sentencing pursuant to R.C. 2941.25(A) but the sentence will not result in an additional term of incarceration, which would be prohibited by the sentencing mandates of the General Assembly, the sentence is not void but voidable.
{¶ 70} Stare decisis commands that I respect our precedent on void sentences. And we have held that absent a lack of subject-matter jurisdiction, the concept of void sentences should not be expanded beyond the “discrete vein of [postrelease-control] cases,” State v. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 31, and those cases in which the trial court has abridged the sentencing commands of the General Assembly, see State v. Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509; and State v. Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432. Therefore, in response to the certified-conflict question, I would hold that the principles of res judicata precluded appellant, Cameron D. Williams, from challenging his sentence after his direct appeal, and I would affirm the judgment of the Ninth District Court of Appeals without modification.

Procedural History

{¶ 71} The Ninth District Court of Appeals summarized the significant procedural history in this case, which includes 18 prior postconviction-relief filings. 2015-Ohio-2632, 2015 WL 3962390, citing State v. Williams, 9th Dist. Summit No. 27101, 2014-Ohio-1608, 2014 WL 1510350, ¶ 2-7. Three of Williams’s, postconviction-relief motions focused on the sentencing error at issue here.
{¶ 72} On January 27, 2011, in a motion for resentencing, Williams argued that the three murder offenses he was convicted of “are allied offenses of similar import, and that he should have been sentenced only on one.” The trial court denied his motion. Williams appealed the trial court’s denial of his motion. The court of appeals affirmed the trial court’s holding that his motion was untimely and was a successive motion for postconviction relief that did not satisfy R.C. 2953.23(A). State v. Williams, 9th Dist. Summit No. 25879, 2011-Ohio-6141, 2011 WL 5967245, ¶ 16. Williams did not appeal that ruling to this court. On July 5, 2013, in a “motion to correct illegal sentence,” Williams also argued that the sentence imposed on the charge of aggravated murder was void. The trial court denied his motion.
{¶ 73} This case arises from Williams’s 19th postconviction-relief filing. While I agree with the majority’s recitation of the history of this case, I would *422 emphasize the statements made by the trial court during the sentencing hearing and the language of the judgment entry.
{¶ 74} At the sentencing hearing, the trial court stated:
Accordingly, I impose sentence as follows: I’m going to start with Count 3, a special felony of aggravated murder, wherein it was alleged that this defendant caused death while he was under detention, and I impose the sentence of life with parole after 30 years, and I merge into that Counts 1 and 2; Count 2 being another charge of aggravated murder, and I merge the sentence of life with parole after 30 years into Count 3; and as to Count 1, wherein the jury found the lesser-included offense of murder, I merge the 15-year to life sentence that is appropriate and required on that charge into Count 3.
{¶ 75} The court went on to impose sentences for other offenses, not at issue herein, and then summarized all the sentences imposed as follows: “I have thus imposed an additional sentence of 36 years, and that is in addition to the 33 years on the main Count 3.”
{¶ 76} In the judgment entry, the trial court listed the offenses that the jury found Williams guilty of committing. Thereafter, among other sentences, the trial court ordered Williams committed to the Ohio Department of Rehabilitation and Corrections pursuant to the mandatory sentencing guidelines established by the General Assembly in the Revised Code for one count of murder and two counts of aggravated murder. Thereafter, the entry states:
THEREUPON, pursuant to Ohio Revised Code Section 2941.25(A), the Court hereby Orders that the offense of MURDER, as contained in the amended Count 1 of the Indictment and the offense of AGGRAVATED MURDER, as contained in Count 2 of the Indictment be merged into the offense of AGGRAVATED MURDER, as contained in Count 3 of the Indictment for purposes of sentencing and that said sentencing be served concurrently and not consecutively with each other, for a total of LIFE WITH PAROLE AFTER Thirty (30) years for the three counts.
(Capitalization sic.)
{¶ 77} However, the judgment entry does not result in any additional terms of incarceration for any of the allied offenses that were merged for purposes of sentencing.

*423
The Jurisprudence of Void Judgments

{¶ 78} We begin with a simple general rule: a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or lacks the authority to act. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. “Jurisdiction” is defined as “ ‘the courts’ statutory or constitutional power to adjudicate the case.’ (Emphasis omitted.)” Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11, quoting Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The subject-matter jurisdiction of Ohio courts of common pleas is defined by statute pursuant to Article IV, Section 4(B) of the Ohio Constitution, which states that “[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law.”
{¶ 79} With regard to criminal cases, R.C. 2931.03 provides: “The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas.” A court of common pleas lacks subject-matter jurisdiction, for example, to convict and sentence a juvenile criminal defendant who did not first appear in a juvenile court, and therefore, any judgment of conviction against the juvenile would be void. State v. Wilson, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995). On the other hand, the failure to convene a three-judge panel in compliance with R.C. 2945.06 when a defendant is charged with a death-penalty offense and waives the right to a jury “does not divest a court of subject-matter jurisdiction so that a judgment rendered by a single judge is void ab initio.” Pratts at ¶ 24. Although failing to convene a three-judge panel is an error, the resulting judgment would be “voidable, not void, and [could be] properly challenged on direct appeal.” Id. at ¶ 21. This court has remanded cases for new proceedings when a three-judge panel was not convened pursuant to R.C. 2945.06 when the error was raised on direct appeal. See State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 3, 4, 12. However, when the same error was raised in a collateral attack, this court held “that the failure of the trial court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the court’s judgment void ab initio and subject to collateral attack in habeas corpus.” Pratts at ¶ 10. Clearly, this court has generally limited declaring judgments void to those circumstances in which the trial court lacked subject-matter jurisdiction.

Expansion of the Void-Judgment Doctrine

{¶ 80} This court first applied the principle of a void sentence in State v. Beasley, 14 Ohio St.3d 74, 74-75, 471 N.E.2d 774 (1984). In Beasley, the defendant was convicted of felonious assault. The trial court, contrary to law, did *424 not impose a prison term and imposed only a fine. After the trial court corrected its sentence to comply with the sentencing statute, the defendant appealed, arguing that the resentencing by the trial court violated double jeopardy. In rejecting the defendant’s argument, this court held that when a trial judge disregards the mandatory minimum prison term for felonious assault and imposes only a fine, the resulting sentence is “a nullity or void.” Id. at 75-76.
{¶ 81} Twenty years later, this court applied the void-sentence precedent established in Beasley in State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. In Jordan, the trial court failed to notify a defendant about postrelease control during the sentencing hearing. This court held that when “a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant.” Id. at ¶ 23. The defendant in Jordan was still incarcerated when we remanded for resentencing, but this court was confronted with a slightly different situation in State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, overruled in part by Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. In Bezak, this court held that when postrelease control is not properly included in a sentence, a defendant is entitled to a new sentencing hearing, but we rejected the notion that a trial court could resentence a defendant to impose postrelease control when the defendant had already served his term of incarceration and had been released. Bezak at ¶ 16-18.
{¶ 82} Relying on the court’s decision in Bezak, Londen Fischer, an incarcerated individual, successfully mounted a collateral attack on his sentence because the trial court had failed to notify him about postrelease control at his original sentencing hearing. Fischer at ¶ 3. On appeal from resentencing, Fischer argued that “because his original sentence was void, his first direct appeal was ‘not valid’ ” and thus, his appeal from the resentencing was “in fact ‘his first direct appeal’ in which he may raise any and all issues relating to his conviction.” Id. at ¶ 4. In rejecting that argument, this court held that “when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.” Id. at ¶ 28. This court in Fischer declared that “in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to [the] general rule [that sentencing errors do not render a judgment void]: a sentence that is not in accordance with statutorily mandated terms is void.” Id. at ¶ 7-8. But we limited the application of the void-sentence doctrine to “a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control.” Id. at ¶ 31.
*425 {¶ 83} After Fischer, this court applied the void-sentence doctrine in cases in which the trial court had failed to impose other terms mandated by statute. See Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, and Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432. In Harris, the trial court failed to impose a mandatory driver’s license suspension. Id. at ¶ 3. In Moore, the trial court failed to impose a mandatory fine. Id. at ¶ 1. In both Harris and Moore, this court held that when a trial court fails to impose a mandatory term of sentencing, that portion of the sentence is void. Harris at ¶ 15; Moore at ¶ 10. In reaching this conclusion, the court, relying on Fischer, held that failing to impose a mandatory provision is akin to failing to impose a term of postrelease control. Harris at ¶ 12-14; Moore at ¶ 14-16.

The Majority Expands the VoicF-Sentence Doctrine by Declaring Williams’s Sentence Void

{¶ 84} Today’s majority decision breathes new life into claims that a technical mistake in a trial court’s judgment entry makes a sentence void, and it is incongruent with our precedent.
{¶ 85} In State v. Underwood, this court held that courts have a mandatory duty to merge allied offenses at sentencing. 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26. Despite that holding, this court did not find that the sentence that had been imposed pursuant to a plea agreement in Underwood was void, even though the trial court had failed to merge the allied offenses. Instead, this court held that “if a court fails to merge allied offenses of similar import, the defendant merely has the right to appeal the sentence.” Id. at ¶ 29.
{¶ 86} In keeping with Underwood, in State v. Rogers, we held that “[a]n accused’s failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error * * *." 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. The limited right of review that we recognized in Underwood and Rogers is significant. The plain-error analysis is not applicable to collateral attacks. Instead, collateral attacks on a sentence are governed by R.C. 2953.21, Ohio’s Postconviction Remedy Act.
{¶ 87} An R.C. 2953.21 petition for postconviction relief is a motion that is filed subsequent to a direct appeal and that seeks vacation or correction of a sentence on the basis that the defendant’s constitutional rights have been violated. State v. Reynolds, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). However, postcon-viction relief is limited, and res judicata bars a defendant from raising and litigating any issue, defense, or claim that could have been raised on direct appeal. See State v. Steffen, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994).
{¶ 88} The majority’s attempt to distinguish this case from Rogers on the basis that the trial court in this case found the offenses allied and merged the offenses *426 for purposes of sentencing rings hollow. The trial court listed the offenses that the jury found Williams guilty of and then listed the mandatory sentences required in the Revised Code for murder and aggravated murder. Thereafter, the trial court stated that for purposes of sentencing, the offense of murder and one of the aggravated-murder offenses merged with the other aggravated-murder offense, but then the court mistakenly wrote that the sentences for the three offenses would be “served concurrently.”
{¶ 89} This court has treated the failure to merge offenses pursuant to R.C. 2941.25(A), the allied-offense statute, as an error that must be addressed on direct appeal and not as an error that renders the sentence void and subject to collateral attack at any time. See State v. Damron, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512 (holding that the sentencing court applied erroneous legal reasoning when it failed to merge allied offenses but not declaring that the sentence was void). Moreover, this court has not hesitated to declare on direct appeal that a sentence is void even though this court could have corrected the error without declaring the sentence void. See Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶ 23 (on direct appeal, the appellate court remanded the case for resentencing to impose postrelease control, and this court affirmed, holding that the original sentence was void). In accordance with Damron, the trial court’s error in this case in running the sentences for merged offenses concurrently does not render the sentence void. The allied-offense statute “incorporates the constitutional protections against double jeopardy. These protections generally forbid successive prosecutions and multiple punishments for the same offense.” State v. Whitfield, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 7. However, we have recognized that
[ujnder the doctrine of res judicata, constitutional issues cannot be considered in postconviction proceedings under R.C. 2953.21 et seq. where they have already been or could have already been litigated by the convicted defendant, while represented by counsel, either before conviction or on direct appeal.
State v. Lott, 97 Ohio St.3d 303, 2002-Ohio-6625, 779 N.E.2d 1011, ¶ 19, citing State v. Perry, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph seven of the syllabus. Williams’s claim could have been raised prior to this motion for postconviction relief, so therefore, it is barred by res judicata.
{¶ 90} Under our holding in Rogers, when a trial court properly analyzes and merges allied offenses pursuant to R.C. 2941.25(A) at the sentencing hearing, correctly restates in its judgment entry that the offenses are merged, but then mistakenly writes immediately thereafter that the sentences will be “served *427 concurrently,” the proper standard to analyze the trial court’s error is plain error. Declaring Williams’s sentence void on collateral attack leads to a peculiar result.
{¶ 91} Applying the majority’s logic to a hypothetical defendant demonstrates the incongruity between the majority’s holding and our prior holdings. Under our prior holdings, if a trial court fails to recognize that two offenses are allied and sentences a defendant to serve consecutive terms of incarceration for the allied offenses, then the error is limited to a plain-error review if the defendant failed to raise the issue in the trial court. Majority opinion at ¶ 26, citing State v. Holdcroft, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8-9. So if that defendant fails to raise the issue on appeal or the appellate court fails to recognize sua sponte the plain error because the judgment entry does not meet the majority’s requirement of being “void on the face of the judgment of conviction,” majority opinion at ¶ 29, then the defendant will serve the consecutive terms of incarceration. But if a trial court recites the mandatory sentences required under Ohio law for all offenses, states that some of those offenses are merged for purposes of sentencing, but mistakenly states in the judgment entry that the sentences for allied offenses will be served concurrently, then according to today’s decision, that sentence is void.
{¶ 92} The determination whether a trial court’s sentencing error renders a judgment void should not turn on whether the trial court recognized that the offenses were allied. In accord with our precedent, it should turn on whether the trial court erred in failing to apply a mandatory sentence. Fischer, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332; Harris, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509; Moore, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432.
{¶ 93} The majority hopes to “clarify the path going forward for lawyers, litigants, and judges of our state.” Majority opinion at ¶ 34. In my view, however, this decision will further muddy the waters.
{¶ 94} In Fischer, we commented that our work in the area of void sentences might be finished because the legislature had enacted R.C. 2929.191, which permits a trial court to correct a judgment of conviction without having to wait for an appellate court to declare the sentence void for failing to properly impose a statutorily mandated period of postrelease control. Fischer at ¶ 31. If R.C. 2929.191 put the void-sentence genie back in the bottle, then this decision lets it out again.
{¶ 95} Today, trial courts are applying complex sentencing guidelines mandated by the General Assembly. This holding by the majority will open up new avenues for defendants whose deadlines for filing direct appeals have long expired to argue that their sentences are void because the trial court, when imposing a mandatory sentencing provision, mistakenly used the wrong word in *428 the journal entry. By expanding the void-sentence doctrine beyond postrelease-control cases and cases in which the trial court abridges the sentencing commands of the General Assembly, this decision will spawn a new wave of void-sentence litigation and severely undermine res judicata, which “promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.” State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.
Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard Kasay, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Allen Vender, Assistant Public Defender, for appellant.
“[Cjases of postconviction relief pose difficult problems for courts, petitioners, defense counsel and prosecuting attorneys alike. Cases long considered to be fully adjudicated are reopened, although memories may be dim and proof difficult. The courts justifiably fear frivolous and interminable appeals from prisoners who have their freedom to gain and comparatively little to lose.”
State v. Calhoun, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999), quoting State v. Milanovich, 42 Ohio St.2d 46, 51, 325 N.E.2d 540 (1975).

Conclusion

{¶ 96} When a trial court states the mandatory terms of incarceration in a sentencing entry and then mistakenly uses the term “concurrently” to describe how the sentences will run for the offenses that the trial court merged for purposes of sentencing pursuant to R.C. 2941.25(A), but the sentence will not result in an additional term of incarceration, which would be prohibited by the sentencing mandates of the General Assembly, the sentence is not void but voidable. Therefore, in response to the certified question, I would hold that the principles of res judicata preclude a defendant from challenging the sentence after direct appeal and affirm the decision of the Ninth District Court of Appeals. Respectfully, I dissent.